UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
RAYMOND K. SMITH, :
            Plaintiff, :
: **OPINION AND ORDER**
v. :
: 16 CV 3926 (VB)
TOWN OF RAMAPO, :
            Defendant. :
--------------------------------------------------------------x

Briccetti, J.:

      Plaintiff Raymond K. Smith, a police officer for the Town of Ramapo Police Department (the "Police Department"), claims that defendant Town of Ramapo discriminated against him in violation of the Americans with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12101 et seq.

      Before the Court is defendant's Rule 12(c) motion for judgment on the pleadings. (Doc. #27).

      For the reasons set forth below, the motion is GRANTED.

      The Court has subject matter jurisdiction under 28 U.S.C. § 1331.

## BACKGROUND

      For purposes of deciding the pending motion, the Court accepts as true all well-pleaded allegations in the complaint and attached exhibits, and draws all reasonable inferences in plaintiff's favor.

      According to the complaint, defendant has employed plaintiff as a police officer since 2003. "On July 12, 2014, plaintiff sustained a serious injury to his right shoulder while performing his duties as a police officer." (Compl. ¶ 4). The "injury consisted of a torn labrum, torn rotator cuff and broken glenoid and has severely limited plaintiff's ability to use his arm and shoulder." (Id. ¶ 5). Treatments, including surgery, have been ineffective in remedying plaintiff's limitations.

1

Because of his shoulder injury, plaintiff cannot work as a police officer, and defendant has not assigned him to light-duty responsibilities. Defendant has, however, approved plaintiff's status as a police officer who suffered a disabling work-related injury under New York General Municipal Law § 207-c. Despite plaintiff's inability to work, defendant continues to assign him to one of the Police Department's three rotating shifts and requires "plaintiff to remain in his residence during the hours his shift is on duty . . . except if[,] as needed[,] to see a doctor, go to the grocery store or attend religious services." (Compl. ¶¶ 11, 14). If plaintiff leaves his residence during his shift for these purposes, defendant requires plaintiff to call the Police Department before leaving from and upon return to his residence. Until May 7, 2016, defendant did not allow plaintiff to avoid these obligations by using leave time plaintiff accrued before his injury, and defendant did not allow plaintiff to avoid these obligations through bereavement leave following plaintiff's father-in-law's death.

As of May 7, 2016, defendant began allowing plaintiff to request time off, but still requires him to submit various information in conjunction with his request, including "his route of travels, his destination and other information not required of non-disabled officers." (Compl. ¶ 25). Allegedly, non-disabled officers are not subject to these requirements.

## DISCUSSION

I. <u>Legal Standard</u>

Pursuant to Rule 12(c), at any time after the pleadings are closed, but before trial commences, a party may move for judgment on the pleadings. The legal standard applicable to a Rule 12(c) motion is identical to the standard for a Rule 12(b)(6) motion to dismiss. <u>Hayden v. Paterson</u>, 594 F.3d 150, 160 (2d Cir. 2010). Accordingly, in deciding a motion under Rule 12(c), the Court evaluates the sufficiency of the complaint under the "two-pronged approach"

announced by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). First, plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion for a judgment on the pleadings. See id. at 678. Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." See id. at 679.

To survive a Rule 12(c) motion, the allegations in the complaint must meet a standard of "plausibility." See Ashcroft v. Iqbal, 556 U.S. at 678; see also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." See Ashcroft v. Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." See id.

"On a 12(c) motion, the court considers 'the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case.'" L-7 Designs, Inc. v. Old Navy, LLC, 647 F.3d 419, 422 (2d Cir. 2011) (quoting Roberts v. Babkiewicz, 582 F.3d 418, 419 (2d Cir. 2009)). "A complaint is [also] deemed to include any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are 'integral' to the complaint." L-7 Designs, Inc. v. Old Navy, LLC, 647 F.3d at 422 (quoting Sira v. Morton, 380 F.3d 57, 67 (2d Cir. 2004)).

In reviewing a 12(c) motion, the court may also consider "plaintiff's relevant filings with the EEOC and other documents related to the plaintiff's claim, even if they are not attached to

3

the complaint, so long as those filings are either incorporated by reference or are integral to and solely relied upon by the complaint." Littlejohn v. City of New York, 795 F.3d 297, 305 n.3 (2d Cir. 2015) (internal quotation marks omitted).

Courts need not accept as true allegations in the complaint that are contradicted by more specific allegations or documentary evidence integral to the complaint. L-7 Designs, Inc. v. Old Navy, LLC, 647 F.3d at 422.

II. ADA Discrimination

Title I of the ADA provides: "No covered entity shall discriminate against a qualified individual on the basis of disability in regard to . . . employee compensation . . . [or] other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). Thus, a prima facie case of employment discrimination under the ADA requires: "(1) [plaintiff's] employer is subject to the ADA; (2) [plaintiff] was disabled within the meaning of the ADA; (3) [plaintiff] was otherwise qualified to perform the essential functions of his job, with or without reasonable accommodation; and (4) [plaintiff] suffered adverse employment action because of his disability." Heyman v. Queens Vill. Comm. for Mental Health for Jamaica Cmty. Adolescent Program, Inc., 198 F.3d 68, 72 (2d Cir. 1999).

Plaintiff fails to allege he was "otherwise qualified to perform the essential functions of his job"; therefore, the complaint must be dismissed.

The ADA defines a "qualified individual" as "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8).

Plaintiff argues that, under Castellano v. City of New York, 142 F.3d 58, 66–69 (2d Cir. 1998), when a "qualified individual" accrues benefits and the ADA discrimination claim is based

4

on the use of those benefits, the plaintiff is deemed to be a "qualified individual" even if he can no longer perform the essential functions of the position.

In his brief in opposition to the pending motion, plaintiff argues he "is a 'qualified individual' for purposes of his claim of discriminatory denial of benefits because he was able to perform the essential function of his position at the time he earned eligibility for the benefits to which he is now being deprived." (Pl.'s Opp'n at 8). However, plaintiff's complaint and attached documents do not mention the essential functions of his position as a police officer or whether plaintiff could perform those functions when he accrued the relevant benefits.[1] Plaintiff cannot cure his complaint's defects with unsupported allegations in his brief in opposition to a motion for judgment on the pleadings.

Thus, plaintiff has failed to allege a prima facie case of ADA discrimination.[2]

III. Leave to Amend

Because plaintiff's allegations suggest that plaintiff may be able to allege a prima facie case of ADA discrimination, the Court sua sponte grants him leave to amend the complaint. See Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires.").[3]

---

[1] Some language from Castellano v. City of New York, 142 F.3d at 66-69, suggests that the accrual of benefits alone establishes the plaintiff was a "qualified individual" during that time. However, that language is dicta. There was no dispute or discussion of whether plaintiffs were "qualified individuals" for ADA purposes at the time they accrued the benefits, and the court did not explain how or why accrual of benefits necessarily establishes the ADA requirements for a "qualified individual."

[2] Because it dismisses plaintiff's only claim on the pleadings, the Court need not address whether abstention warrants dismissing the claim. Out of judicial restraint, the Court will not decide the matter.

[3] The Court notes that plaintiff's brief relies on other assertions that are absent from both the complaint and other documents the Court may properly consider. For example, it appears from plaintiff's brief he has retired on disability. (See Pl.'s Opp'n at 10). Plaintiff should take this opportunity to include in his amended complaint all relevant allegations upon which he intends to rely.

If plaintiff wishes to file an amended complaint, he must do so by July 26, 2017. If plaintiff fails to file an amended complaint by July 26, 2017, the Court will dismiss this case.

**CONCLUSION**

Defendant's motion for judgment on the pleadings is GRANTED.

The Clerk is instructed to terminate the motion. (Doc. #27).

Dated: July 12, 2017
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge