UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
RAYMOND K. SMITH,
          Plaintiff,

v.

TOWN OF RAMAPO,
          Defendant.
----------------------------------------------------------------x

**OPINION AND ORDER**

16 CV 3926 (VB)

Briccetti, J.:

    Plaintiff Raymond K. Smith, a retired police officer for the Town of Ramapo Police Department (the "Police Department"), brings this case against the Town of Ramapo, alleging it discriminated against him in violation of the Americans with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12101 et seq.

    Now pending is defendant's motion to dismiss the amended complaint pursuant to Rule 12(b)(6). (Doc. #34).

    For the reasons set forth below, the motion is GRANTED.

    The Court has subject matter jurisdiction under 28 U.S.C. § 1331.

## BACKGROUND

    In deciding the pending motion to dismiss, the Court accepts as true all well-pleaded factual allegations in the amended complaint and draws all reasonable inferences in plaintiff's favor, as summarized below.

    Defendant continuously employed plaintiff as a police officer from 2003 until plaintiff's retirement in 2017. On July 12, 2014, while performing his duties as a police officer, plaintiff sustained a serious injury to his right shoulder. Medical treatment, including surgery, did not correct plaintiff's shoulder injury.

1

Because of his injury, plaintiff could no longer work as a police officer. In August 2014, plaintiff applied for, and defendant approved, plaintiff's disability status under New York General Municipal Law § 207-c ("Section 207-c").[1]

While plaintiff was on Section 207-c disability, but prior to his retirement in 2017, defendant continued to assign plaintiff to one of the Police Department's three rotating shifts. While on shift, plaintiff was required to stay at home unless he needed to see a doctor, go to the grocery store, or attend religious services. If plaintiff left home during his shift for these limited purposes, defendant required plaintiff to call the Police Department when he left and returned to his home.

During plaintiff's time on Section 207-c disability, defendant did not allow plaintiff to use previously accrued personal time or bereavement leave to take time "off" while assigned to a shift. (Am. Compl. ¶ 14). In addition, plaintiff was not allowed to "accrue time as non-disabled officers were," which allegedly "deprived plaintiff of approximately 1.5 years of accrued time, 45 vacation days, 18 holiday days, 9 personal days and 6 family emergency leave days." (Am. Compl. ¶ 24).

Beginning May 7, 2016, defendant began allowing plaintiff to request time off, but "required plaintiff to submit great detail about his plans, his route of travels, his destination and other information [which, according to plaintiff, was] not required of non-disabled officers." (Am. Compl. ¶ 22).

Plaintiff filed his initial complaint on May 26, 2016. On November 4, 2016, defendant moved pursuant to Rule 12(c) for judgment on the pleadings. By Opinion and Order dated July

---

[1] Section 207-c(1) provides for payment of salary and medical expenses to a police officer "who is injured in the performance of his duties . . . so as to necessitate medical or other lawful remedial treatment."

12, 2017, the Court granted defendant's motion, but sua sponte granted plaintiff leave to file an amended complaint. (Doc. #32). In its Opinion and Order, the Court explained plaintiff's complaint was deficient because he failed to allege he was a "qualified individual" as defined by the ADA. See Smith v. Town of Ramapo, 2017 WL 2983027, *2–*3 (S.D.N.Y. July 12, 2017). On July 25, 2017, plaintiff filed an amended complaint which is the subject of the instant motion to dismiss.

**DISCUSSION**

I. Legal Standard

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under the "two-pronged approach" articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). First, plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss. Id. at 678; Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010). Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility." Ashcroft v. Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

II.     ADA Discrimination

Defendant argues plaintiff's amended complaint fails adequately to allege plaintiff was otherwise qualified to perform the essential functions of the job as a police officer, as required to state an ADA discrimination claim.

The Court agrees.

Title I of the ADA provides: "No covered entity shall discriminate against a qualified individual on the basis of disability in regard to . . . employee compensation . . . [or] other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).

The ADA defines a "qualified individual" as "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). "Whether an employee is qualified is dependent on that employee's condition at the time of the alleged adverse employment action." King v. Town of Wallkill, 302 F. Supp. 2d 279, 289 (S.D.N.Y. 2004).

Thus, to plead a prima facie case of employment discrimination under the ADA, plaintiff must allege: "(1) [plaintiff's] employer is subject to the ADA; (2) [plaintiff] was disabled within the meaning of the ADA; (3) [plaintiff] was otherwise qualified to perform the essential functions of his job, with or without reasonable accommodation; and (4) [plaintiff] suffered adverse employment action because of his disability." Heyman v. Queens Vill. Comm. for Mental Health for Jamaica Cmty. Adolescent Program, Inc., 198 F.3d 68, 72 (2d Cir. 1999).

Here, plaintiff alleges he was discriminated against in two ways during the time he was on Section 207-c disability: (i) he was not allowed to use leave time he accrued prior to his disability to take time "off"; and (ii) he was not allowed to accrue additional time. In neither

instance does plaintiff plausibly allege he was a qualified individual at the time of the alleged discriminatory acts.

Plaintiff argues that under Castellano v. City of New York, when an employee accrues benefits, and the ADA discrimination claim is based on the later use of those benefits, the plaintiff is deemed to be a qualified individual so long as he was qualified at the time of accrual, even if he can no longer perform the essential functions of the position at the time he is denied the use of benefits. 142 F.3d 58, 66–69 (2d Cir. 1998).

This argument misstates the holding of Castellano.

Castellano created an exception to the general rule, articulated by Congress, that "a 'determination of whether a person is qualified should be made at the time of the [discriminatory] employment action, e.g. hiring or promotion.'" Castellano v. City of New York, 142 F.3d at 67 (quoting H.R.Rep. No. 101–485(III), at 34 (1990), reprinted in 1990 U.S.C.C.A.N. 456) (alteration in original). Strict adherence to the general rule could lead to "irrational discrimination" because "many fringe benefits are earned during years of service before the employment has terminated but are provided in years after the employment relationship has ended." Id. With that context, the court stated:

> [W]e hold that a former employee with a disability who "with or without reasonable accommodation" could "perform the essential functions of the employment position" for a period sufficient to establish entitlement to an employer-related fringe benefit . . . is a "qualified individual with a disability" within Title I of the ADA for the purpose of challenging alleged discrimination in the provision of that fringe benefit.

Id. at 69 (emphasis added).

That holding, however, does not apply to the use of previously accrued benefits by a current employee, such as plaintiff at the time of the alleged discrimination.

5

Plaintiff asserts that because he accrued time off when he was a qualified individual—i.e. capable of performing the essential functions of a police officer—he was still a qualified individual during his time on Section 207-c disability, when he was prevented from using accrued time. This argument ignores the limited holding in Castellano, which applies to post-employment benefits for former employees. Castellano v. City of New York, 142 F.3d at 68 ("Because retired employees who receive fringe benefits no longer work or seek to work for their former employers, they plainly need not perform the essential functions, or indeed any functions, of their former employees."). When the earned benefits are meant to be administered post-employment, like retirement benefits or continued healthcare coverage, "it is only logical that the statute's coverage reaches the period when the employment benefits are to be reaped." Graboski v. Guiliani, 937 F. Supp. 258, 266 (S.D.N.Y. 1996), aff'd sub nom. Castellano v. City of New York, 142 F.3d 58 (2d Cir. 1998).

Here, in contrast, the accrual of time and the use of accrued time are not post-employment benefits. In addition, employees on Section 207-c disability, such as plaintiff, are still current employees of the Police Department. Because of these two distinctions, the rationale in Castellano does not apply.

Absent the limited circumstances described in Castellano, the qualified individual determination is made at the time of the adverse employment action. See King v. Town of Wallkill, 302 F.Supp.2d 279, 289 (S.D.N.Y. 2004).

Plaintiff alleges he was unable to use his accrued time off while he was on Section 207-c disability. Thus, plaintiff must allege he was a qualified individual at the time his benefits were denied to him. Plaintiff has not alleged any facts to suggest he was a qualified individual at the time he was prohibited from using his previously accrued days off.

6

Plaintiff also alleges he was unable to accrue time while he was on Section 207-c disability. Plaintiff fails to allege any facts suggesting he was a qualified individual at the time he was prevented from accruing time.

In short, plaintiff does not allege he was a qualified individual as defined in the ADA at the time of the alleged discriminatory acts and therefore fails to state a prima facie claim for employment discrimination under the ADA.

Accordingly, the case is dismissed.[2]

## CONCLUSION

Defendant's motion to dismiss the amended complaint is GRANTED.

The Clerk is instructed to terminate the motion (Doc. #34) and close this case.

Dated: January 3, 2018
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge

---

[2] Because plaintiff's only claim is dismissed on the merits, the Court need not address whether Burford abstention also warrants dismissing the claim.